UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARWAN KAWAR, ) | |
| ) | |
| Movant, ) | |
| ) | NO. 2:20CR27-PPS |
| v. ) | (Associated Civil No. 2:22CV143-PPS) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On September 8, 2020, Judge Teresa L. Springmann adopted the recommendation of Magistrate Judge Joshua P. Kolar and accepted defendant Marwan Kawar's plea of guilty to a charge of mail fraud in violation of 18 U.S.C. §1341. [DE 25, 23, 16.] In his plea agreement, Kawar admitted to the following scheme:

> From approximately September 2012 until approximately February 2019, in the Northern District of Indiana, I knowingly devised and participated in a scheme to defraud my employer, Multi-Wall, by creating, approving, and submitting for payment fraudulent purchase orders, invoices, and shipping receipts in the name of a sham company that I created and controlled, TAP Industrial Solutions.

[DE 16 at ¶8.] After the case was reassigned to me, I sentenced Kawar on September 17, 2021 to a prison term of 60 months, and ordered him to pay restitution to two victims in the total amount of $397,223.29. [DE 99, 100.] No direct appeal was taken. Kawar, who is currently serving his sentence at the Victorville Federal Correctional Institution in Adelanto, California, has now filed a motion under 28 U.S.C. §2255 seeking to vacate, set aside or correct his sentence. [DE 115.] Kawar argues that his trial counsel rendered ineffective assistance in a number of ways.

## **Applicable Legal Standards**

Section 2255(a) authorizes a federal court to grant relief where a federal prisoner's sentence "was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law." The Seventh Circuit has observed that this is a high bar: "Relief under §2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant a right to the effective assistance of counsel for his defense. *Burkhart v. United States*, 27 F.4th 1289, 1295 (7th Cir. 2022). In order to obtain relief for a violation of this right, a defendant must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" and that "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If either of these prongs cannot be met, the claim fails, and I am not required to address both prongs if either is deficient. *Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021).

"To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of

2

reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011). This deference must guide my analysis of counsel's performance on the first prong of the *Strickland* test. As to the second prong, prejudice to the defense requires a showing that "there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d at 879.

## Analysis

First, Kawar contends that his counsel failed to accurately advise Kawar about the consequences of pleading guilty. [*Id.* at 6.] He alleges that both of his attorneys (Kerry Conner and later Adam Tavitas) told him that he should plead guilty because he would certainly be convicted by a local jury due to his foreign nationality, but that if he entered into the plea agreement offered by the prosecutor he would serve minimal prison time, if any. [*Id.*] Based on my many years of familiarity with the professionalism of both these counsel, I find Kawar's claim entirely unbelievable. That aside, as the government points out, such an argument can be dismissed because it conflicts with Kawar's statements under oath before the court: "[w] may reject out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing." *United States v. Purnell*, 701 F.3d 1186, 1190-91 (th Cir. 2012). *See also United States v. Gonzalez*, 772 Fed.Appx. 358, 359 (7th Cir. 2019).

At the change of plea hearing before Judge Kolar, where Kawar was under oath to tell the truth, he agreed that he had "ample time" to discuss the charges and the case in general with his attorney, and was "fully satisfied" with counsel's representation and

3

advice. [DE 118 at 9.] With respect to the plea agreement in particular, Kawar acknowledged that he had "an opportunity to read over that and discuss the plea agreement with [his] attorney before [he] signed it." [*Id.* at 11.] Kawar also agreed that no one had "made any promises or assurances to [him] that aren't in the plea agreement to get [Kawar] to accept the plea agreement." [DE 118 at 11. *See also id*. at 7, 15.] Any claim that Kawar was unaware of the charges against him [DE 115 at 6] is belied by the plea agreement itself, in which he states that after receiving a copy of the indictment, he "read and discussed it with [his] lawyer and believe and feel that [he] understand[s] every accusation made against [him] in this matter." [DE 16 at 1, ¶2.] Kawar also represented in the plea agreement that his attorney "counseled and advised [him] as to the nature and elements of the accusations against [him] and as to any possible defenses." [*Id*. at 2, ¶3.]

Judge Kolar reviewed with Kawar the uncertainty of the sentence he would ultimately receive. Kawar acknowledged that the court would not be able to determine the advisory imprisonment range under the U.S. Sentencing Guidelines until the presentence investigation report was completed and the parties had an opportunity to challenge it. [DE 118 at 17-18.] Kawar also acknowledged that the court might impose a sentence either higher or lower than the Guidelines range ultimately determined. [*Id*. at 18.] All of these understandings had also been set out in the plea agreement Kawar executed. [DE 16 at 3, ¶6; 5, ¶7(c)(iii); 8-9 (¶11).] In his plea agreement, Kawar further agreed that "no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses[.]" [DE 16 at 7, ¶7(h).]

4

The record is replete with Kawar's acknowledgments that he had no assurance as to what his term of imprisonment would be. These repeated indications in the record establish that in deciding to plead guilty Kawar was not counting on any particular sentence. *Bethel v. United States*, 458 F.3d 711, 719 (7th Cir. 2006) [citing the defendant's acknowledgments that he had not been promised anything else in exchange for his plea and understood that his sentence could be more severe than predicted]. In any event, "[a]n inaccurate prediction of a sentence alone is not enough to meet the [*Strickland*] standard" for ineffective assistance. *Spiller v. United States*, 855 F.3d 751, 757 (7th Cir. 2017), quoting *Bethel v. United States*, 458 F.3d at 717.

Kawar complains that his counsel failed to advocate his "side of the story" to the prosecution, so that he was "deemed as a major player in the overall scheme resulting in a sentence that is ill proportioned to [his] degree of involvement." [DE 115 at 6.] Kawar contends that his counsel was unduly passive and "never bothered to argue a single point in [his] favor" or to "file any objections to the prosecutor's allegations despite his prior promises to do so." [*Id.* at 7.] These general contentions are not supported by any assertion (much less evidence) of particular facts that might have had any impact on Kawar's culpability or his sentence. Such vague arguments establish neither deficient performance by Kawar's counsel nor prejudice satisfying the *Strickland* standard.

To the extent Kawar's motion is generously construed to argue ineffectiveness of counsel with respect to Guidelines enhancements for relocation of the scheme and a leadership role, it is also without merit. The presentence investigation report discloses that the Offense Level Computation contained no adjustment for Kawar's role in the

5

offense. [DE 92 at 10-11.] A two-point increase was made to the offense level pursuant to U.S.S.G. §2B1.1(b)(10)(A) for participating in relocating a fraudulent scheme to another jurisdiction to evade law enforcement. [DE 92 at 10, ¶29.] But Kawar's counsel *did* object to the relocation enhancement, and I overruled the objection at the sentencing hearing. [DE 93 at 2-3; DE 119 at 11-12.] A claim that counsel was ineffective for failing to make a sentencing challenge obviously fails when counsel did in fact competently and professionally make the particular challenge, but the court ruled adversely. *Resnick v. United States*, 7 F.4th 611, 622 (7th Cir. 2021).

Next Kawar argues that his counsel was ineffective for failing to object to what was ascribed to Kawar as relevant conduct for sentencing purposes. [DE 115 at 7-8.] Again the argument is generally stated in that Kawar does not particularly identify the relevant conduct he challenges, nor does he offer an explanation demonstrating that relevant conduct was not properly considered. In computing Kawar's advisory Guidelines range, two Specific Offense Characteristics were applied, along with two Adjustments. [DE 92 at 10-11.] None of these was based on relevant conduct that has been shown to be improperly considered.

Twelve offense levels were added under U.S.S.G. §2B1.1(b)(1)(G) for an attempted loss of more than $250,000 but less than $550,000. [DE 92 at 10, ¶28.] Kawar cannot successfully challenge this Special Offense Characteristic because he expressly stipulated to its application in the plea agreement. [DE 16 at 4, ¶7(c)(1).] Two levels were added for the relocation of the scheme to another jurisdiction to evade law enforcement. [*Id.*, ¶29.] As I've previously explained, Kawar's counsel challenged that Special Offense

6

Characteristic, albeit unsuccessfully.  A two-point adjustment was added under U.S.S.G. §3B1.3 for Kawar's abuse of a position of trust in a manner that facilitated the commission or concealment of the offense.  [*Id.*, ¶31.]  This was based on the fact that Kawar committed the offense by abusing his trusted position as plant manager at Multi-Wall, with responsibility for approving purchase orders and paying vendors.  [*Id.*, ¶19.]  Kawar shows no error in that application of the Guidelines, nor any basis on which his counsel should have objected.  Standards of constitutional effectiveness do not require counsel to make meritless arguments.  *Resnick*, 7 F.4th at 622.

The final two-point adjustment was made under U.S.S.G. §3C1.1 for obstruction of justice.  [DE 92 at 11, ¶32.]  The PSR applied the adjustment because, with sentencing set for February 22, 2021 [DE 51], Kawar attempted to leave the country on a February 20, 2021 flight to Istanbul, with a return flight scheduled for May 1.  [DE 92 at 9, ¶21.]  Kawar's counsel did make an objection to this adjustment, but I overruled it after argument at sentencing.  [DE 119 at 12-22.]  At the sentencing hearing, the basis for the obstruction enhancement grew, in view of evidence indicating that Kawar had (without the knowing participation of his counsel) submitted a false letter of support purporting to have been written and sent by Ed Cashdollar [DE 97], an individual who appeared at the hearing and testified under oath that he had written no such letter.  [DE 119 at 17-24.]  For these reasons, Kawar lost the reduction for acceptance of responsibility and earned the adjustment for obstruction of justice.  [*Id.* at 24.]  Kawar fails to demonstrate any deficiency in his counsel's representation with respect to these matters.

Kawar contends that his counsel was ineffective because he failed to advise and discuss with Kawar the possibility of taking an appeal, though Kawar had a nonfrivolous ground for doing so. At his sentencing, I advised Kawar of his right to appeal, but also of the fact (misstated by Kawar in his current motion) that Kawar's plea agreement contained a waiver of appeal provision. [DE 119 at 43-44. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

Kawar makes neither of those showings. When considering whether counsel had a duty to consult with his client about an appeal, "courts must take into account all the information counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480. The fact that Kawar had entered a guilty plea based on a plea agreement containing an appeal waiver is "a highly relevant factor." *Id*. Kawar does not assert that he expressed to counsel a desire to appeal, nor does he explain the grounds for appeal he would have pursued, much less demonstrate their merit or how they would have escaped the breadth of the appeal waiver Kawar made. I am not persuaded that Kawar shows his counsel violated a duty to consult with him concerning a direct appeal.

## Conclusion

Marwan Kawar has failed to demonstrate a right to relief under §2255, and his motion to vacate will be denied. He does not challenge his guilty plea, but seeks only a

8

new sentencing. [DE 115 at 11.] Direct challenges to his sentence would be barred by his appeal waiver and by his failure to exhaust those issues by direct appeal. His claims of ineffective assistance fail because he shows no deficiency in counsel's performance and/or no prejudice to his defense. Because I find that Kawar has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under §2255, I will also deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If Kawar wishes to appeal this Opinion and Order denying his §2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**ACCORDINGLY:**

Marwan Kawar's motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence [DE 115] is DENIED, and a motion for certificate of appealability is also DENIED.

The Clerk shall enter judgment against Kawar and in favor of the United States.

**SO ORDERED**.

ENTERED: November 21, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT